## The Canton Hardware Co. v. Mitchell Construction Co.

*William W. Caldwell*, for plaintiff.

*William H. Saye*, for defendant.

*Edward E. Knauss, 3rd*, for surety.

NEELY, P. J., December 4, 1961.—Defendant, American Casualty Company, was surety on the labor and material bond of Mitchell Construction Company, defendant, executed in connection with the construction of the Middlebury Elementary School in Wellsboro, Tioga County, Pennsylvania. The matter is here on motion for judgment against the surety company as garnishee on the basis of plaintiff's interrogatories

in garnishment proceedings and the answer of the surety company thereto. The bond contained a provision that any suit on the bond must be instituted within one year, as did also the applicable statute requiring the execution of the bond: Section 10 of the Municipality Authorities Act of May 2, 1945, P. L. 382, amended May 6, 1957, P. L. 112, 53 PS §312A.

The complaint in assumpsit claiming $3,955, with interest from May 1, 1960, pleads that pursuant to the construction contract, plaintiff, as sub-contractor, made a final shipment of materials on April 20, 1960. It appears that on May 10, 1961, summons in assumpsit was issued against both defendants. On June 7, 1961, complaint was filed in two counts naming each defendant in a separate count. In count no. 2 of this complaint, it is alleged that the suit against the surety company was instituted within one year after the cause of action had accrued. The answer of the surety to this allegation in count no. 2 denies that suit was instituted within one year of the time the cause of action arose. Count no. 1 against the construction company contained no allegation concerning the one year limitation period.

When the construction company did not answer, a money judgment in the sum of $3,955 was obtained against said construction company, and a writ of execution (attachment execution) in that amount was issued with directions to the sheriff to attach the property of Mitchell Construction Company in the hands of American Casualty Company, garnishee. We seriously doubt that plaintiff was entitled to have this judgment against the construction company in the posture of the record. While this company did not interpose a defense as to the one year period of limitation to count no. 1, its surety did to count no. 2. Even though the construction company saw fit to permit a con-

sensual judgment being taken against it, we think that the surety should not be deprived of that defense which was clearly pleaded.

This is a case of first impression. No authorities exactly on this point have been cited, nor have we discovered any in our independent research. However, the same principle is involved here as in Hoover v. Sohn, no. 98, January term 1961, decided July 24, 1961 (not yet reported), wherein we pointed out that one of two joint defendants in a trespass action could not permit a default judgment to be entered against him so as to prejudice the other in his defense. Our ruling is the same here, viz., that the construction company by permitting this judgment by default to be taken, could not thereby preclude the surety from making its defense as to the one year period of limitation. In actuality, if the suit was not brought in time, the surety was entitled to defend on this point since it would go to the question as to whether or not the surety had any moneys in its possession belonging to Mitchell Construction Company.

It is admitted in the surety's answer to the interrogatories that the sum of $1,205 is due under the surety company's bond. Plaintiff is entitled to have judgment for this amount only on the motion that is now before us. The other factual issues must be disposed of in further proceedings.

The parties argued other matters which are not pleaded and are therefore not herein considered. In view of the foregoing, we enter the following

## Order

And now, December 4, 1961, on motion of plaintiff, judgment is herewith entered in favor of plaintiff in the sum of $1,205, and against defendant, American Casualty Company.